**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| Rashard Wingo<br>1812 Harlem Avenue<br>Baltimore, Maryland 21217<br><br>Plaintiff,<br><br>vs.<br><br>FFE Transportation Services, Inc.<br>3400 Stonewall St.<br>Lancaster, TX 75134<br><br>SERVE ON:<br>C.T. Corporation System<br>1999 Bryan St., Ste. 900<br>Dallas, Texas 75201<br><br>And<br><br>Michael Dallas Bass<br>1409 San Bernard Court<br>Flower Mound, Texas 75028<br><br>Defendants | Civil Action No.: |

## <u>COMPLAINT</u>

Plaintiff, Rashard Wingo (hereinafter, "Plaintiff"), a citizen and resident of the State of Maryland, by and through his undersigned counsel, files suit against FFE Transportation Services, Inc., (hereinafter, "Defendant Owner"), and Michael Dallas Bass (hereinafter, "Defendant Driver") and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. At all times relevant to this Complaint, Plaintiff was a citizen and resident of the state of Maryland.

2. Upon information and belief, Defendant FFE Transportation Services, Inc. is a corporation formed in Delaware, with its principal office in Texas, which regularly conducts business throughout the State of Maryland.

3. Upon information and belief, Defendant Michael Dallas Bass is a resident of Texas who was operating a motor vehicle in the State of Maryland on September 30, 2023.

4. This Honorable Court has jurisdiction of this matter pursuant to 28 U.S. Code § 1332- Diversity of Citizenship, where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

5. On or about September 30, 2023, at approximately 2:40 a.m., Plaintiff was operating his vehicle southbound in the third lane of Interstate 95 near mile marker 61.6 in Baltimore County, Maryland.

6. At the same time and place, Defendant Driver was operating, with permission, a motor vehicle owned by Defendant Owner when he negligently struck the rear of Plaintiff's vehicle.

7. Plaintiff suffered physical injuries and lost wages as a result.

## COUNT I – NEGLIGENCE
## (Defendant Driver)

8. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

9. Defendant Driver had a duty to act reasonably and use due care while driving.

Defendant Driver had a duty to pay attention to traffic, to maintain a proper lookout, to obey the laws and rules of the State of Maryland, to maintain proper speed for the conditions, to reduce speed to avoid a collision, and to control the vehicle to avoid a collision.

10. Defendant Driver breached these and other duties of care by failing to pay proper attention to the roadway and the traffic, failing to maintain a proper lookout, failing to obey the laws and rules of the State of Maryland, failing to maintain proper speed for the conditions, failing to reduce his speed to avoid a collision, and failing to control the vehicle in order to avoid a collision.

11. As a direct and proximate result of the negligence of Defendant Driver, Plaintiff suffered physical injuries, loss of income, damage to personal property, and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

12. All of the above injuries, loses, and damages were directly and proximately caused by the aforementioned negligence of Defendant Driver and were incurred without any negligence or assumption of the risk on the part of Plaintiff, nor was there any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff demands judgment and compensatory damages against Defendant Driver in the amount of Five Million Dollars ($5,000,000.00) plus costs, post-judgment interest at the legal rate, and any other relief as the nature of this case may require.

**COUNT II – NEGLIGENT ENTRUSTMENT**
**(Defendant Owner)**

13. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

14. Defendant Owner had a duty to act reasonably and use due care when entrusting

the vehicle to Defendant Driver.

15. Defendant Owner did in fact entrust the vehicle to Defendant Driver.

16. Defendant Owner knew or should have known that Defendant Driver was likely to, and had a propensity to, operate the vehicle in a negligent and unsafe manner that was likely to cause physical harm to others.

17. Defendant Owner breached these and other duties of due care by entrusting the vehicle to Defendant Driver.

18. As a direct and proximate result of the negligence of Defendant Owner in entrusting the vehicle to Defendant Driver, Plaintiff suffered physical injuries, a loss of income, damage to personal property, and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages, and be forced to endure future pain and suffering.

19. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Owner and were incurred without any negligence or assumption of the risk on the part of Plaintiff, nor was there any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff demands judgment and compensatory damages against Defendant Owner in the amount of Five Million Dollars ($5,000,000.00) plus costs, post-judgment interest at the legal rate, and any other relief as the nature of this cause may require.

## COUNT III – NEGLIGENT HIRING, SUPERVISION, AND RETENTION
## (Defendant Owner)

20. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

21. Defendant Owner had a duty to use reasonable care to hire, supervise, and retain an

employee who was competent and fit to perform the duties required of that employee.

22. Defendant Owner did in fact hire, supervise, and retain Defendant Driver as an employee.

23. Defendant Owner knew or should have known that prior to hiring Defendant Driver that Defendant Driver was likely to, and had a propensity to, operate the vehicle in a negligent and unsafe manner that was likely to cause physical harm to others.

24. Defendant Owner knew or should have known, that during the course of Defendant Driver's employment, that Defendant Driver was operating the vehicle in a negligent and unsafe manner that was likely to cause physical harm to others, and Defendant Owner failed to adequately monitor and supervise Defendant Driver's conduct to prevent such harm.

25. Defendant Owner knew or should have known, after hiring Defendant Driver, that Defendant Driver demonstrated a propensity to operate the vehicle in a negligent and unsafe manner that was likely to cause physical harm to others, and Defendant Owner continued to employ Defendant Driver, allowing him to remain in a position to cause physical harm.

26. Defendant Owner breached these and other duties of due care by hiring, supervising, and retaining Defendant Driver as an employee.

27. As a direct and proximate result of the negligence of Defendant Owner in hiring, supervising, and retaining the services of Defendant Driver, Plaintiff suffered physical injuries, a loss of income, damage to personal property, and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages, and be forced to endure future pain and suffering.

28. All of the above injuries, loses, and damages were directly and proximately caused by the aforementioned negligence of Defendant Owner and were incurred without any negligence

or assumption of the risk on the part of Plaintiff, nor was there any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff demands judgment and compensatory damages against Defendant Owner in the amount of Five Million Dollars ($5,000,000.00) plus costs, post-judgment interest at the legal rate, and any other relief as the nature of this cause may require.

**COUNT IV – AGENCY**
**(Defendant Owner)**

29. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

30. The injuries, harms, and losses were incurred by Plaintiff as a result of the use of the vehicle by Defendant Driver who, at the time of the incident, was acting as an agent, servant, and/or employee of Defendant Owner.

31. The aforementioned acts and conduct of Defendant Driver were committed within the scope of his employment and agency and while furthering the business interests of Defendant Owner.

32. As the principal for Defendant Driver, Defendant Owner is responsible for all of the acts committed by Defendant Driver within the scope of his agency.

33. As a direct and proximate result of the negligence of Defendant Owner as the principal for Defendant Driver, Plaintiff suffered physical injuries, a loss of income, damage to personal property, and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

34. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Owner and were incurred without any negligence

or assumption of the risk on the part of Plaintiff, nor was there any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff demands judgment and compensatory damages against Defendant for an amount in the amount of Five Million Dollars ($5,000,000.00) plus costs, post-judgment interest at the legal rate, and any other relief as the nature of this cause may require.

**COUNT V – RESPONDEAT SUPERIOR**
**(Defendant Owner)**

35. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

36. At all times relevant to the incident, Defendant Driver was acting within the scope of his employment for Defendant Owner.

37. As a result, Defendant Owner is responsible for the negligent acts of Defendant Driver.

38. The aforementioned acts and conduct of Defendant Driver were committed within the scope of his employment and agency and while furthering the business interests of Defendant Owner.

39. As the principal for Defendant Driver, Defendant Owner is responsible for all of the acts committed by Defendant Driver within the scope of his agency.

40. As a direct and proximate result of the vicarious negligence of Defendant Owner for the acts of Defendant Driver, Plaintiff suffered physical injuries, a loss of income, damage to personal property, and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages, and be forced to endure future pain and suffering.

41. All of the above injuries, loses, and damages were directly and proximately caused

by the aforementioned negligence of Defendant Owner and were incurred without any negligence or assumption of the risk on the part of Plaintiff, nor was there any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff demands judgment and compensatory damages against Defendant Owner in the amount of Five Million Dollars ($5,000,000.00) plus costs, post-judgment interest at the legal rate, and any other relief as the nature of this cause may require.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

## DESIGNATION OF TRIAL COUNSEL

Neil Dubovsky, Esq. is hereby designated as trial counsel for Plaintiff, Rashard Wingo.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues raised in the foregoing Complaint.

Respectfully submitted,

Dated: 09/04/2026

*<u>/s/ Alexandra R. Stafford</u>*

Neil Dubovsky, Esq. (Fed. Bar No. 27524)
Alexandra R. Stafford, Esq. (Fed. Bar No. 21233)
Dubo Law, LLC
9475 Deereco Road, Suite 330
Timonium, Maryland 21093
443-275-6345
443-660-8106 (fax)
neil@dubolawfirm.com
alex@dubolawfirm.com
*Counsel for Plaintiff*